UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0172(3) (SRN/AJB) |
| Plaintiff, | |
| v. | ORDER |
| RAYSHAWN EARL JAMES BROWN, | |
| Defendant. | |

---

Julie E. Allyn, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, on behalf of Plaintiff

Rayshawn Earl James Brown, No. 16545-041, Federal Correctional Institution-Pekin, P.O. Box 5000, Pekin, IL 61555-5000, Pro Se

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the Court on the following pro se motions filed by Defendant Rayshawn Earl James Brown ("Brown"):  Motion for Modification of Sentence [Doc. No. 213]; Letter Requests for Sentencing Modification [Doc. Nos. 218 & 223]; Motion for Appointment of Counsel [Doc. No. 220]; Application to Proceed Without Prepayment of Fees and/or Costs ("IFP Motion") [Doc. No. 221]; and Letter Request for a Modification of Restitution [Doc. No. 222].  For the reasons set forth below, Brown's requests for sentencing and restitution modifications are denied, and his motions for appointment of counsel and IFP status are denied without prejudice as moot.

I. **BACKGROUND**

The facts of Brown's conviction are thoroughly set forth in this Court's Order of December 19, 2016 [Doc. No. 209], and are incorporated herein by reference. In 2012, the Government charged Brown, along with two co-defendants, for his role in the armed robberies of pharmacies that occurred in St. Paul, Minnesota during the spring of 2012. In July, 2012, the Government charged Brown with the following crimes alleged to have occurred on April 3, 2012: (1) the robbery of the West Seventh Pharmacy, St. Paul, Minnesota, in violation of the Hobbs Act, 18 U.S.C. §§ 1951 and 2, (Indictment [Doc. No. 19], Count 1); (2) robbery involving controlled substances, in violation of 18 U.S.C. §§ 2118(a) & 2, (id., Count 2); and (3) two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1), with Counts 1 and 2 serving as the underlying crimes of violence. (Id., Counts 3 & 4.)

Brown and the Government later entered into a plea agreement (the "Plea Agreement"). The Government agreed to move to dismiss Counts 2 and 4 of the Indictment in exchange for Brown's guilty plea to Count 1 for the West Seventh Pharmacy robbery and Count 3 for firearm possession in furtherance of that robbery. (See Sept. 21, 2012 Minutes [Doc. No. 94].) Also in the Plea Agreement, Brown admitted to additional relevant conduct, namely, the armed robbery of Pro Pharmacy in St. Paul, Minnesota, on March 27, 2012. (See Def.'s Mot. at 2) (citing Plea Agmt.)

On May 15, 2013, the Court sentenced Brown to 120 months in prison. (Sentencing Judgment at 2 [Doc. No. 174].) The sentence consisted of 36 months on

Count 1 and 84 months on Count 3, to be served consecutively. (Id.)  Brown did not file a direct appeal.

In May 2016, Brown filed a pro se § 2255 motion.  In that first § 2255 motion, Brown challenged his conviction for possession of a firearm under § 924(c) in light of the U.S. Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Def.'s Mem. Supp. First § 2255 Mot. at 1–2 [Doc. No. No. 190].)  On December 19, 2016, this Court denied his § 2255 motion, finding that it was time-barred, that Brown had procedurally defaulted by failing to assert his claim on direct appeal, and that his claim failed on the merits, as Johnson was inapplicable to his case.  (Order of Dec. 19, 2016 at 2–5.)

In his current motion for modification of his sentence, Brown argues that the Court improperly applied a five-level firearm sentencing enhancement.  (See Def.'s Mot. at 2–5).  In supplemental filings, he also contends that the U.S. Supreme Court's decision in United States v. Dean, 137 S. Ct. 1170 (2017), applies to his case on collateral review and warrants re-sentencing. (See Apr. 20, 2017 Letter at 4 [Doc. No. 218]; Jan. 16, 2018 Letter at 1–3 [Doc. No. 223].)   Finally, Brown seeks modification of his restitution order, seeking to stay further payments pending his release,  and requests the appointment of counsel and for IFP status in connection with his motions.

## II.   DISCUSSION

Under § 2255(a), a federal prisoner may seek post-conviction relief on the grounds that "the [prisoner's] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  This relief is only available in limited circumstances and is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  Walking Eagle v. United States, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Brown fails to identify the statutory framework supporting his two bases for re-sentencing.  However, because his requests attack the validity of his sentence, like his first § 2255 motion, the Court construes them collectively as a second request for relief under § 2255.  A prisoner seeking to file a second or successive § 2255 motion must first move the applicable court of appeals for an order that authorizes the district court to entertain the motion.  See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).  Brown did not request permission from the Eighth Circuit to file such a motion and this Court is therefore without authority to consider it.  See 28 U.S.C. § 2255(h); see also Boykin v. United States, 242 F.3d 373 (8th Cir. 2000).

Even if the Court could consider Brown's motion, however, it would be time-

barred because it was not filed within the one-year limitations period. See 28 U.S.C. § 2255(f)(1). Under § 2255(f)(1), the general limitations period for Brown to collaterally challenge his sentence expired in May 2014, one year after his judgment of conviction became final.[1] Id.

Further, Brown's motion is procedurally barred because he could have raised his claims earlier. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). The direct-appeal filing deadline has long passed. See Fed. R. App. P. 4(b)(1)(A) (setting deadline at 14 days after entry of judgment); Sentencing Judgment (imposing judgment on May 15, 2013). Brown has made no showing of either cause and actual prejudice, or actual innocence.

Finally, even if Brown's claims did not suffer from these infirmities, they would nevertheless fail on the merits, as discussed below.

### A. Amendment 599 to the U.S. Sentencing Guidelines

Brown argues that this Court improperly applied a five-point firearm enhancement to his sentence, resulting in improper double counting. (See Def.'s Mot. at 2–5). But Brown appears to misunderstand the specific offense conduct on which the five-point

---

[1] In the Court's discussion of Brown's second ground of relief, the Court addresses another potential starting point for the limitations period under § 2255(f)(1).

enhancement was based. It was not based on the West Seventh Pharmacy robbery, set forth in Count 1, but on the other relevant conduct involving the robbery of Pro Pharmacy.

Section 924(c) proscribes a separate offense for those who use or possess a firearm while committing a predicate violent or drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A). Amendment 599 to the U.S. Sentencing Guidelines (the "Guidelines"), effective November 1, 2000, clarifies the circumstances under which a weapons enhancement may be applied to an underlying offense when the defendant is also convicted of firearm use or possession under § 924(c). See United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002). The Amendment revised the commentary to the application notes concerning § 2K2, stating, in part,

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).

U.S. Sentencing Guidelines Manual, App. C, Vol. II at 67–69 (2003).

This Court imposed Brown's sentence for the West Seventh Pharmacy robbery under § 924(c) in compliance with this directive, and as contemplated in the parties' Plea Agreement and in the Presentence Investigation Report ("PSR"), prepared by the U.S. Probation Office. (See Def.'s Mot. at 2) (citing Plea Agmt.); (Gov't's Opp'n Mem. at 3

[Doc. No. 219]) (citing PSR at F.2). The PSR advised that "[n]o weapon enhancement is applicable because that conduct is captured in the mandatory consecutive sentence required on Count 3." (See Gov't's Opp'n Mem. at 3) (citing PSR at F.2). Because Brown's sentence on the § 924(c) offense was imposed in conjunction with the underlying charge for robbery of the West Seventh Pharmacy in Count 1, the Court did not apply any enhancement to Brown's sentence for that offense.

However, in calculating offense levels under the Guidelines, courts may also consider additional crimes, including uncharged offenses, in certain circumstances: "A plea agreement . . . containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." U.S. Sentencing Guidelines Manual § 1B1.2(c) (2012).

In the Plea Agreement, Brown admitted responsibility for the additional, uncharged robbery of Pro Pharmacy. (Def.'s Mem. at 2) (citing Plea Agmt. ¶ h). The Plea Agreement provides:

> Other relevant conduct includes: Defendant admits that he aided and abetted a robbery of another pharmacy. Specifically, Defendant admits that on March 27, 2012, co-defendant Michael Bynum drove the Defendant and co-defendant Ray Brown to Pro Pharmacy with the intent to rob the pharmacy. Defendant entered the Pro Pharmacy with co defendant [ ] Ray Brown and defendant Ray Brown was carrying and brandishing a firearm. Once inside the pharmacy, Defendant aided and abetted stealing pharmaceuticals.

(Id.)

7

The PSR also acknowledged the stipulated conduct. (Gov't's Opp'n Mem. at 3) (citing PSR at F.2) (stating, "The defendant agrees, for purposes of relevant conduct, that he robbed another pharmacy."). The West Seventh Pharmacy robbery and the Pro Pharmacy robbery occurred on two different dates and did not involve substantially the same harm. See U.S. Sentencing Guidelines Manual § 3D1.2, comment. (n. 4) (2012). Accordingly, they were not grouped together and were instead evaluated separately to determine the appropriate offense level. Id. With respect to the stipulated conduct, the PSR recommended a one-level increase because a controlled substance was taken, and a five-level increase for brandishing a firearm, for a total enhancement of six-levels. (See Def.'s Mot. at 2) (citing PSR at F.2.) Because Brown was not convicted of a corresponding § 924(c) offense related to the Pro Pharmacy robbery, Amendment 599 was inapplicable. A weapon enhancement for this additional conduct was proper.[2]

In sum, Brown's claim for relief under Amendment 599 fails both procedurally and substantively.

**B.     Dean v. United States and the District Court's Discretion at Sentencing**

As noted, Brown also argues that the Supreme Court's decision in Dean supports his request for re-sentencing. (See Apr. 20, 2017 Letter at 4; Jan. 16, 2018 Letter at 1–3.)

---

[2] Ultimately, after considering arguments concerning brandishing a firearm, the Court applied a five-point enhancement for the Pro Pharmacy conduct, instead of a six-point enhancement. This was also consistent with the five-level enhancement that the parties contemplated in the Plea Agreement. (See Gov't's Opp'n Mem. at 5, n.2).

8

A first conviction under § 924(c) requires a mandatory five-year sentence, increasing to a seven-year sentence if the firearm is brandished, and a ten-year sentence if the firearm is discharged. See 18 U.S.C. § 924(c)(1)(A). With respect to second or subsequent convictions under § 924(c), the mandatory minimum sentence is 25 years.

In Dean, the defendant was charged with multiple offenses, including predicate robbery charges, as well as § 924(c) offenses, the latter of which subjected him to five-year and 25-year mandatory sentences, totaling 360 months, or 30 years. 137 S. Ct. at 1174–75. His Guidelines range on the remaining non-§ 924(c) counts was 84–105 months. Id. at 1175. At sentencing, he argued that the court should take into account his long mandatory minimum sentences in fashioning a sentence for the predicate robbery counts, for which he suggested one-day concurrent sentences. Id. The district judge stated that 30 years for the § 924(c) offenses, plus one day for the remaining counts, would be a sufficient sentence. Id. at 1175. The judge observed that Dean was "clearly the follower" with respect to his role in the offenses, and did not have "any significant history of violence." Id. However, the district judge believed that he lacked the discretion to consider Dean's 30-year mandatory minimum in sentencing him on the predicate counts. Id. He did, however, vary downward from the 84–105 Guidelines range and sentenced Dean to concurrent 40-month sentences on the non-§ 924(c) counts. Id.

Before the Supreme Court, Dean prevailed in his bid for re-sentencing. The Court held that district courts are not prohibited from considering the effect of mandatory

§ 924(c) sentences when determining appropriate sentences for predicate offenses.  Id. at 1176, 1178 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").

### 1. Statute of Limitations & Procedural Bars

As with Brown's Amendment 599 claim, Brown's Dean argument challenges the validity of his sentence.  And as noted earlier, Brown failed to seek certification from the Eighth Circuit to assert this claim.  Additionally, he could have brought this claim in his first § 2255 motion.  This claim therefore suffers from the same jurisdictional and procedural barriers that afflicted his 599 Amendment claim.

Although Brown does not explain the delay in raising his Dean argument, the Court infers that it was prompted by the issuance of Dean in April 2017.   The Court therefore addresses an additional statute of limitations argument that a defendant might assert under these facts.  As applied to Brown, § 2255(f) provides that a one-year limitations period begins to run on either the date on which his judgment of conviction became final, or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(1), (3).  As noted, under § 2255(f)(1), Brown's limitations period expired in May 2014.  Presumably, pursuant to § 2255(f)(3), Brown believes that his claim is not time-barred under the

theory that it is based on a newly recognized right that is applicable to cases on collateral review. The Court disagrees.

Granted, the Supreme Court did not address the retroactive application of its ruling in Dean, nor has the Eighth Circuit yet considered it. However, district courts that have addressed the issue have found Dean not retroactively applicable to cases on collateral review. United States v. McGowan, No. 3:10-cr-00487-BR, 2018 WL 1938432, at *3 (D. Ore. Apr. 24, 2018) (citing United States v. Dawson, No. 3:03–cr–410–SI, 2018 WL 1082839, at *5 (D. Or. Feb. 27, 2018) (concluding that Dean is not "retroactive for purposes of collateral appeal."); United States v. Wilcoxson, No. 3:10–cr–00487–BR, 2018 WL 912253 (D. Or. Feb. 15, 2018) ("Dean is not retroactively applicable on collateral review."); United States v. Cooley, No. 1:09–cr–331, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017) (finding Dean is not retroactively applicable on collateral review and, therefore, defendant did not satisfy the criteria of § 2255(f)(3)); United States v. Thornbrugh, No. 89–CR–0067–CVE, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017) ("The Supreme Court did not expressly make Dean retroactively applicable to cases on collateral review, and no court has found that Dean applies retroactively. Even if it did apply retroactively, Dean does not state a mandatory rule that would entitle defendant to a sentencing reduction and merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."); United States v. Taylor, No. 7:12CR00043, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017)

("Dean does not apply retroactively to § 2255 proceedings."); Hall v. United States, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) (finding Dean silent on the question of retroactive application to cases on collateral review, and noting that the Seventh Circuit had not yet addressed the issue); Simmons v. Terris, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) (stating that nothing in Dean suggests that it be applied retroactively to cases on collateral review."); In re Dockery, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (finding that the defendant did not make "a prima facie showing that Dean announced a new rule of constitutional law that was made retroactive to cases on collateral review"); United States v. Adams, No. 7:06–cr–22–1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (dismissing the defendant's § 2255 motion as untimely because Dean is not retroactively applicable to § 2255 proceedings); Morban-Lopez v. United States, 3:17-cv-237-GCM, 2017 WL 2682081, at *2 n.2 (W.D.N.C. June 21, 2017) ("[T]he Supreme Court's ruling in Dean does not render the motion to vacate timely under Section 2255(f)(3).")).

The Court finds this authority persuasive and adopts the reasoning of these courts. "Dean merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of a statutory mandatory minimum sentence." McGowan, 2018 WL 1938432, at *3. Accordingly, because the Court finds that Dean does not apply retroactively to cases on collateral review, Brown's § 2255 motion fails because it is untimely.

But even if the Court could consider Brown's motion on the merits, the facts here are distinguishable from <u>Dean</u> and do not support re-sentencing. Although Brown's counsel asked the Court to sentence Brown to probation on the predicate count, at no point did this Court express either the desire to issue such a lenient sentence in light of Brown's mandatory § 924(c) sentence or the inability to do so. At sentencing, the Court acknowledged the applicable Guidelines range of 77 to 96 months on the predicate robbery count. (<u>See</u> May 15, 2013 Partial Hr'g Tr. at 58 [Doc. No. 229]) ("The [G]uidelines range is between 77 and 96 months on Count 1 plus 84 months on Count 3.") Moreover, the Court expressed a clear understanding of its discretionary authority in determining Brown's sentence:

> And let me tell you precisely what I do. I take a look at the [G]uidelines range, but I don't even assume that's reasonable. That's just a starting point. Then I look at factors specific to you. We call them under the law 3553(a) factors, and what they mean is things about Rayshawn Brown, lots of what your very eloquent counsel talked about today, because I need to make sure that this sentence, of course, reflects the seriousness of the offense and provides just punishment.

(<u>Id.</u>)

In his § 2255 letter requests, Brown alleges that at sentencing, "[the Court] expressed that a seven-year mandatory minimum was harsh in itself, but believed that and expressed that you have to give me something for the robbery and referred to my Guidelines." (Def.'s Jan. 16, 2018 Letter at 3.) Brown's assertion is belied by the record, however. At no time did the Court suggest that a more lenient sentence was warranted for the predicate robbery offense, but the Court was somehow unable to impose such a

13

sentence. Rather, the Court recognized that Brown's sentence should reflect both the seriousness of the underlying offense, the need to protect the public, and any mitigating factors. The Court stated,

> And you would have to agree that these people were terrorized when you walked into these robberies. You didn't hear her, but the owner of one of the pharmacies came and spoke very eloquently about her level of terror and how she may never get over it.[3] I need to deter you from committing crimes in the future. I need to deter others from committing similar crimes. I need to protect the public. But I also need to make sure that the sentence is not unfair, that it's not unfairly disparate from the sentences that I'm giving your codefendants or others in substantially similar situations. And I need to try to provide you with needed care and treatment and training. So I need to balance all of those factors when I fashion a sentence. But most importantly, the sentence shouldn't be one day more than necessary to achieve the goals of sentencing. And that's why I have varied considerably from the [G]uidelines range in this case.

(May 15, 2013 Hr'g Tr. at 57–58.)

The Court identified several mitigating factors, including Brown's relatively lesser culpability as compared to his co-defendants, that he had never been incarcerated, was cooperative with authorities, accepted responsibility for his actions, had obtained a GED while in custody, and had had a difficult life. (Id.) The Court did not, however, evince any inability to consider Brown's mandatory minimum sentence under § 924(c) when calculating an appropriate sentence for the robbery offense. Accordingly, even if

---

[3] The Court specifically incorporated into Brown's sentencing hearing record the victim impact testimony given earlier that morning during the sentencing of Brown's co-defendant, Ray James Brown. (See May 15, 2013 Hr'g Tr. at 54.)

Brown's argument based on Dean were not procedurally infirm, it would fail on the merits.

For all of the foregoing reasons, the Court denies Brown's motion as to this ground of relief under Dean.

### C. Motion for Modification of Restitution

As part of Brown's sentence, he was ordered by pay restitution in the total sum of $1,012, with $347 directed to Pro Pharmacy and $665 to West Seventh Pharmacy. (See Sentencing Judgment at 6.)  Under the terms of the sentencing order, Brown was required to pay restitution in the following manner

> While incarcerated, the defendant must make payments as follows: If the defendant is working UNICOR, he must make monthly payments of at least 50 percent of his earnings. If the defendant is not working UNICOR, he must make quarterly payments of at least $25.  It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated.

(Id.)

Brown seeks relief from paying restitution "until [his] release."[4]  (Def.'s Mot. for Modification of Restitution at 1.)  He does not challenge the validity of the original restitution order, nor can he, as the time for doing so has long since passed.  Rather, he seeks modification of the order.  (Id.)  He indicates that "due to a lack of financial support," he missed a restitution payment, resulting in a "refusal fine."  (Id.)  While

---

[4] Brown filed his request in a letter to the Court dated September 24, 2017, and filed on September 28, 2017.  The Court construes this letter as a motion for modification of restitution.

15

Smith's prison job pays approximately $40 per month, he claims that he receives only $5.25 per month, apparently due to garnishment in satisfaction of the refusal fine.  (Id.)

A court may modify a restitution order pursuant to 18 U.S.C. § 3664(k), which provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.A. § 3664.  While this statute authorizes a district court to make a change in a defendant's restitution obligations, doing so requires a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2006) (per curiam).

Brown claims that he needs to discontinue paying restitution because he missed a payment, so that he can "continue progressing on the right path."  The Court finds that he has not met his burden to show a material post-sentencing change of circumstances. Brown's claim of limited resources due to the imposition of a refusal fine is a problem of his own making, as he concedes responsibility for the missed payment.  His laudable desire to progress on the right path, presumably by saving more money or spending it in another fashion, does not constitute a material change in circumstances.  Nor does Brown

provide any evidentiary support for his motion. For all of these reasons, his motion for modification of restitution is denied.

### D.     Motions for Appointment of Counsel and IFP Status

Because Court Brown's claims fail both procedurally and substantively, his related motions for the appointment of counsel and for IFP status are denied without prejudice as moot.

### E.     Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).

Even though the Eighth Circuit has not ruled on the retroactivity of Dean to cases on collateral review, the Court is persuaded by the general consensus of other courts on that question. Moreover, as discussed above, even if Dean were retroactively applicable, the facts of this case do not support its application. Accordingly, the Court declines to issue a certificate of appealability.

## III. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Brown's Motion for Modification of Sentence [Doc. Nos. 213, 218, 223] is **DENIED**;

2. Brown's Motion for Appointment of Counsel [Doc. No. 220] is **DENIED WITHOUT PREJUDICE AS MOOT**;

3. Brown's Application to Proceed Without Prepayment of Fees and/or Costs [Doc. No. 221] is **DENIED WITHOUT PREJUDICE AS MOOT**;

4. Brown's Motion for Modification of Restitution [Doc. No. 222] is **DENIED**; and

5. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 9, 2018                                  s/Susan Richard Nelson
                                                    Susan Richard Nelson
                                                    United States District Judge